UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RACHEL D.,[1]

          Plaintiff,

             v.

COMMISSIONER,
Social Security Administration,

          Defendant.

Case No. 3:16-cv-2234-JO

OPINION AND ORDER

JONES, Judge:

This court affirmed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. *D. v. Berryhill*, 2018 WL 1135706 (D. Or. Mar. 2, 2018). The Ninth Circuit reversed and remanded for further proceedings at the agency. *D. v. Saul*, 805 F. App'x 467 (9th Cir. Mar. 5, 2020) (mem. disp.).

Plaintiff now seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 27. I grant Plaintiff's request and award $23,875.20 in attorney's fees and $61.20 in costs.

**PROCEDURAL HISTORY**

---

1  In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 - OPINION AND ORDER

In 2015, the administrative law judge (ALJ) found Plaintiff was not disabled between October 2011, when another ALJ had found Plaintiff was not disabled, and September 2013, when Plaintiff's insured status under the Social Security Act expired. ECF No. 9-3 (2015 ALJ decision). This court affirmed the Commissioner's decision.   As to Plaintiff's residual functional capacity (RFC), this court ruled that the ALJ correctly determined that he was not bound by the prior ALJ's findings on Plaintiff's RFC.   *D. v. Berryhill*, 2018 WL 1135706, at *6.   This court also upheld the ALJ's findings on the severity of Plaintiff's migraine headaches.

On appeal, the Ninth Circuit held the ALJ had correctly determined that the 2011 finding of non-disability "was not entitled to res judicata effect because [Plaintiff] established the existence of new severe impairments, which constituted 'changed circumstances.'"   *D. v. Saul*, 805 F. App'x at 468 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)).   The Ninth Circuit held, however, that "the ALJ committed reversible error in failing to give res judicata effect to the [RFC] findings in the 2011 Decision."   *Id.* (citing *Chavez*, 844 F.2d at 693-94; Soc. Sec. Admin. Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, at *3).   In addition, the Ninth Circuit ruled that the ALJ erred "when rejecting [Plaintiff's] statements about the nature and severity of her migraine headaches and failing to incorporate the limitations caused by [Plaintiff's] migraines into the 2015 Decision's RFC findings."   *Id.*, 805 F. App'x at 469.

Judge Rawlinson dissented, stating that the majority opinion "inexplicably" determined that the ALJ erred in failing to give res judicata effect to the prior RFC finding.   *D. v. Saul*, 805 F. App'x at 469.   Judge Rawlinson also dissented from majority's conclusion on Plaintiff's migraine headaches.   *Id.* at 469-70.

## LEGAL STANDARDS

2 - OPINION AND ORDER

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified . . . ."  28 U.S.C. § 2412(d)(1)(A).   Here, although Plaintiff has not received an award of benefits, she is the prevailing party for EAJA purposes.   *Shalala v. Shaefar*, 509 U.S. 292, 302 (1993).

The government must show that its position was substantially justified.   *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).   Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."   *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).   "Put differently, the government's position must have a 'reasonable basis both in law and fact.'"   *Meier*, 727 F.3d at 870 (quoting *Pierce*, 487 U.S. at 565).

"The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action."   *Id.*   Here, because the government's litigation position is aligned with the ALJ's decision on the remanded issues, the court focuses on the ALJ's decision.   *Id.* (ALJ's decision is the "underlying agency action"); *Cha Yang v. Comm'r*, 571 F. App'x 583, 583 (9th Cir. 2014) ("The government's litigating position was the same as the ALJ's decision, so the district court did not err by failing to separately analyze the position of the ALJ.").

The court looks to "the government's position regarding the specific issue" on which remand was based.  *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017); *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (Commissioner must show that the agency's position was substantially justified "with respect to the issue on which the court based its remand").   "That

3 - OPINION AND ORDER

the government lost (on some issues) does not raise a presumption that its position was not substantially justified." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir.) (en banc), *cert. denied*, ___ U.S. ___, 140 S. Ct. 424 (2019).

This court has discretion in deciding whether to award attorney's fees under the EAJA. *Corbin v. Apfel,* 149 F.3d 1051, 1052 (9th Cir. 1998).   Under this "highly deferential standard," the Ninth Circuit's review "is limited to assuring that the district court's determination has a basis in reason." *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990) (internal citation and quotation marks omitted).   "A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record." *Meier*, 727 F.3d at 869-70.

## DISCUSSION

## I.  The Government's Position Was Not Substantially Justified

The ALJ declined to adopt the prior ALJ's RFC because he found "new and material evidence affecting" the RFC. ECF No. 9-3, at 13.   The Ninth Circuit reversed this ruling, holding that "there is no evidence that the limitations reflected in the 2011 Decision's RFC findings improved." *D. v. Saul*, 805 F. App'x at 468.   The Ninth Circuit specifically ruled that the ALJ should have addressed two limitations in the prior RFC:   that Plaintiff must be able to alternate between sitting and standing when she was expected to sit, and that Plaintiff was limited to occasional fingering and feeling with her non-dominant left upper extremity.   *Id.* at 468-69.

I conclude that the ALJ's decision not to consider the prior RFC was not substantially justified.   The ALJ did not even address whether the new medical evidence was relevant to the prior RFC.   This position is contrary to *Chavez*, which holds that "the first ALJ's RFC findings are entitled to 'some res judicata consideration,'" and that new medical evidence may be considered to <u>revise</u> the prior RFC determination.   *Alekseyevets v. Colvin*, 524 F. App'x 341, 344 (9th Cir. 2013) (quoting *Chavez*, 844 F.2d at 694; citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008)).   Here, the ALJ did not consider whether the prior RFC needed to be revised in light of the new medical evidence.   I conclude that the government's position on the prior RFC was not substantially justified.

The ALJ found that Plaintiff's "allegations of migraines occurring at least once a week are not supported by the treatment records."   ECF No. 9-3, at 18.   The Ninth Circuit reversed on this issue, stating that "[w]hile the ALJ gave specific reasons for rejecting [Plaintiff's] statements about her migraine headaches, these reasons are neither convincing nor supported by substantial evidence in the record."   *D. v. Saul*, 805 F. App'x at 469.   Considering the record, I conclude that the ALJ's finding on migraines was not substantially justified.

## II.   Reasonableness of Fees Requested

Plaintiff seeks $23,875.20 in attorney's fees and $61.20 in costs.   The government contends that the number of hours requested is unreasonable as to the multiple entries for 0.1 or 0.2 hours. The government does not object to the requested hourly rate or to costs.

This court has discretion in determining the hourly rate and the number of hours.   *Costa v.*

*Comm'r*, 690 F.3d 1132, 1135 (9th Cir. 2012).   In calculating an award of attorney's fees

5 - OPINION AND ORDER

under the EAJA, district courts use the lodestar method, multiplying the reasonable hourly rate

by

the reasonable number of hours worked.  *Id.*  In social security cases, determining a reasonable

fee "will always depend on case-specific factors including, among others, the complexity of the

legal issues, the procedural history, the size of the record, and when counsel was retained."  *Id.*

at 1136.  In a contingency fee case such as this one, "courts should generally defer to the

winning lawyer's professional judgment as to how much time he was required to spend on the

case."  *Id.* (internal quotation marks omitted).

Here, the government argues that Plaintiff's attorney seeks compensation for 0.1 or 0.2

hours of work on "many clerical tasks that likely took no more than a few seconds."  Def.'s

Resp. 4, ECF No. 30.  The government specifically notes that Plaintiff seeks 0.1 hours "to

review the Court's IFP order, service returns, Notices of Appearance by an attorney for the

Commissioner, the Court's judgment, and the Ninth Circuit's routine mediation order."  *Id.*  I

agree, however, with Plaintiff that counsel may reasonably seek 0.1 or 0.2 hours for such tasks.

The government does not otherwise object to the reasonableness of number of hours

spent

on the briefs.  I find that the number of hours spent briefing this case is reasonable considering

the

legal and factual complexity and the appellate briefing required.

## CONCLUSION

Plaintiff's Application for Fees Pursuant to the EAJA, ECF No. 27, is GRANTED.

Plaintiff is awarded $23,875.20 in attorney's fees and $61.20 in costs.

IT IS SO ORDERED.


DATED this 19th day of August, 2020.


/s/ Robert E. Jones_____
Robert E. Jones, Senior Judge
United States District Court

7 - OPINION AND ORDER